NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUKUNDA MUHAMMAD,<br><br>           Plaintiff,<br><br>v.<br><br>CAMDEN CITY MUNICIPAL COURT,<br><br>           Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 21-12011 (KMW-AMD)<br><br>**OPINION** |

APPEARANCES:

Lukunda Muhammad
733 Hidden Glen
Woodbury, NJ 08096
    Pro Se

Murianda L. Ruffin, Esquire
Office of City Attorney
520 Market Street, 4th Floor
Camden, NJ 08101
    Counsel for Defendant

**WILLIAMS, District Judge:**

**I.    INTRODUCTION**

This matter is before the Court on two Motions filed by the parties: Defendant Camden City Municipal Court's Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), and for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56(c); and Plaintiff Lukunda Muhammad's Motion for Default and Summary Judgment. For the reasons that follow,

Defendant's Motion to Dismiss is granted and Plaintiff's Motion seeking default and summary judgment is dismissed as moot.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On June 1, 2021, Plaintiff filed this Complaint against Camden City Municipal Court. *See* Complaint ("Compl."), ECF No. 1. Plaintiff alleged federal question jurisdiction based on several United States Supreme Court decisions. *Id.* at ¶¶ II.A, II.B. On April 28, 2021, Defendant alleges that he requested and was denied his "right to subrogation" by Defendant. *Id.* at ¶ III.B., III.C. Plaintiff alleges that he then filed a complaint with Defendant asking for the "right to impunity or subrogation," but he did not receive a response. *Id.* at ¶ III.C. The complaint filed with Defendant, and attached to the Complaint filed with this Court as an exhibit, reveals that Plaintiff was subject to municipal-level proceedings before Defendant based on charges for driving under the influence ("DUI"). *Id.*, Exhibit. Apparently, Plaintiff had been charged previously for the same offense and pled guilty. *Id.*, Exhibit, 3. At the hearing relating to the second alleged DUI, Plaintiff requested subrogation from Defendant. *Id.* Defendant denied the request; thus, Plaintiff alleges that his right to subrogation was violated. *Id.*, Exhibit 3-4. Plaintiff also provides that his "right to travel" cannot be regulated or misconstrued as a privilege, having attempted to show the officer who stopped him for allegedly driving under the influence his traveler's card. *Id.*, Exhibit 3-5. Thus, although not entirely clear from the Complaint, it appears Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 based on the alleged violation of these purported rights.

In the Complaint, Plaintiff left the section titled "Injuries" blank, but in the "Relief" section indicates that he would like this Court to direct Defendant – a municipal court – to grant him the right to subrogation or impunity. *Id.* ¶¶ IV., V.

After Plaintiff filed the Complaint, he failed to act for several months and Judge Renée M. Bumb, U.S.D.J., issued a Notice for Call of Dismissal [ECF No. 5] on October 21, 2021. On November 12, 2021, Plaintiff filed a Motion for Reconsideration [ECF No. 6] in response to the Notice. This case was reassigned to this Court on November 16, 2021. *See* Text Order Reassigning Case, ECF No. 7. On November 29, 2021, Plaintiff filed an "Amended and Supplemental Pleading Pursuant to Fed. R. Civ. P. 15(a)(1) [ECF No. 8]."[1] In the amended pleading, Plaintiff further alleges that "Congress replaced statutes with international law, placing all states under International Law;" thus, the Camden City Municipal Court [has] no jurisdiction over any American citizen." Amended and Supplemental Pleading, 1-2.

On December 1, 2021, this Court dismissed the Motion for Reconsideration as moot, directed the Clerk of the Court to reissue summons, and directed Plaintiff to serve Defendant on or before January 7, 2022. Order, ECF No. 9, Nov. 30, 2021. Defendant filed a Motion to Dismiss [ECF No. 12] on December 30, 2021.[2] Plaintiff did not oppose the Motion.

Thereafter, Plaintiff filed a Motion seeking summary and default judgment alleging that Defendant did not respond to his November 29, 2021 Amended and Supplemental Pleading.[3] Defendant responded to Plaintiff's Motion, indicating that it responded to Plaintiff's pleadings

---

[1] As it appears the amended pleading was filed before Defendant was served, *see* Fed. R. Civ. P. 15(a)(1), but is referenced as supplemental, the Court will construe the originally filed Complaint and the amended pleading as the entire operative Complaint in this action.

Additionally, on March 17, 2022, Plaintiff filed a document entitled "Complaint" [ECF No. 15]. However, as the caption reads, "The State of New Jersey v. Lukunda Muhammad," the Court considered this document filed for the Court's information only. To the extent Plaintiff intended that this document be a pleading in this action, Plaintiff did not comply with Fed. R. Civ. P. 15(a)(2) either by seeking consent of his adversary or filing a motion seeking leave from the Court. Thus, if Plaintiff intended this document to function as a pleading, it is stricken.

[2] The Motion to Dismiss had to be corrected due to an improper signature. Thus, the Motion was refiled on January 6, 2022. *See* ECF No. 14.

[3] Plaintiff also contends that Defendant failed to respond to his March 2022 Complaint, however, as set forth in the previous footnote, this was not a properly filed Complaint. Thus, Defendant was not required to respond.

by filing the Motion to Dismiss and also that this matter is moot because Plaintiff pled guilty in the underlying municipal court action at issue herein. *See* Def's Letter, ECF No. 21, June 6, 2022. Specifically, Plaintiff pled guilty to reckless driving on December 17, 2021. *Id.*

## III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## IV. DISCUSSION

In the Complaint, Plaintiff essentially requests that this Court direct Defendant, a municipal court, to take a specific action – to grant Plaintiff subrogation and/or impunity. Although Defendant's arguments are underdeveloped, Defendant relies on Rule 12(b)(6), arguing that Plaintiff cannot plausibly state a claim. Def.'s Br. 3. Defendant contends that it cannot grant Plaintiff subrogation or impunity and Plaintiff's claim is illogical and without merit. *Id.* Defendant argues that the mere fact that Plaintiff may not like the potential outcome of the verdict resulting from municipal court proceedings does not raise a plausible claim against

Defendant. *Id.* at 4. Defendant contends that Plaintiff cannot seek a remedy from this Court in anticipation of negative outcome. *Id.*

Defendant is correct – the federal district court does not have the authority to interfere in municipal court proceedings or direct the actions of that court. *See Testa v. Hoban*, No. 16-0055 (FLW), 2016 WL 4820631, at *1 (D.N.J. Sept. 14, 2016). In *Testa*, plaintiff sought an indefinite stay of or removal from municipal court proceedings relating to a traffic ticket. *Id.* at *8. Plaintiff alleged that the officer issuing the ticket was essentially targeting him as part of a conspiracy to prevent him from exercising his constitutional rights. *Id.* Plaintiff complained about the lack of due process in municipal court proceedings. *Id.* The Court, granting the motion to dismiss, found that the federal district courts may not exercise jurisdiction over a municipal court proceeding and, thus, the court found that it lacks authority to either order removal or stay any proceedings in the municipal court. *Id.* at *9. Similarly, here, the Court may not interfere or direct the municipal court take any action in proceedings pending in that court, including directing the court to grant Plaintiff "subrogation" or "impunity."

Moreover, to the extent the proceedings have concluded with Plaintiff entering a guilty plea and he seeks to avoid the order, Plaintiff's claim would be barred by the *Rooker-Feldman* doctrine which "prohibits adjudication of an action where the relief requested would require a Federal Court to either determine whether a Municipal Court's decision is wrong or void that decision, and thus would prevent the Municipal Court from enforcing its orders." *See Bey v. North Brunswick Municipal Court*, No. 08-2825, 2008 WL 2510725, at *2 (D.N.J. Jun. 19, 2008)(citing *Janciga v. Vora*, 257 Fed. Appx. 530, 530-31 (3d Cir. 2007)). Likewise, any constitutional claim having the hypothetical effect of rendering the municipal court decision invalid also would be barred. *Id.* (finding that claims with the "hypothetical effect of rendering

any Municipal Court decision invalid" barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)). Thus, Plaintiff's Complaint fails to state a claim to relief that is plausible on its face.

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is dismissed with prejudice, as any attempts to amend on these facts would be futile. Similarly, Plaintiff's Motion seeking summary and default judgment is dismissed as moot.

Dated:  August 29, 2022

_____
KAREN M. WILLIAMS
United States District Judge